MELVIN D. SHERMAN et ux., appellants, v. IOWA STATE COMMERCE COMMISSION (members), appellees.

No. 50562.

MARCH 6, 1962.

Holliday, Miller & Stewart, by James M. Stewart and Joseph B. Joyce, all of Des Moines, for appellants.

Waldo F. Wheeler, Commerce Counsel, George M. Mariner, Assistant Commerce Counsel, and Robert R. Rydell, Special Assistant Commerce Counsel, for appellees.

GARFIELD, C. J.—This is a companion case to Wood v. Iowa State Commerce Comm., 253 Iowa 797, 113 N.W.2d 710. The questions presented and authorities cited to us are the same. However, this Sherman case was submitted here upon separate record and briefs. Although we hold our opinion in the Wood case controls the decision in the present case, a separate opinion seems to be called for. We shall try to avoid repeating what is said in the Wood opinion. The statutes involved and the authorities in support of our conclusions are there set out.

For convenience we disregard the fact the wife of plaintiff Sherman is joint holder with him of the contract carrier permit issued by defendant Iowa State Commerce Commission and she also joined with him as a plaintiff. She was inactive in what was done under the permit. We also disregard the fact members of the commerce commission are joined as defendants.

The principal difference between the present case and Wood's is that the goods defendant's inspector found on Sherman's truck were picked up by him at Arrow's dock in Waterloo and he was transporting them to the ultimate consignees in other towns. Wood's driver, on the other hand, had picked up the goods found on his truck from the Waterloo distributors found by the commission to be the real shippers, the goods were to be unloaded and sorted at Arrow's dock and then sent on to the ultimate consignees.

There is evidence the goods found on Sherman's truck were picked up by one or more contract carriers, designated by Arrow to do so, from five wholesalers or distributors in Waterloo and two in Des Moines. Three of the five in Waterloo are those from which some of the goods found on Wood's truck were picked up. Sherman testified he had never picked up goods in Des Moines.

As in the Wood case, Arrow was named as shipper on the

waybills found in Sherman's possession and the company from which the goods were first picked up (evidently by another contract carrier for Arrow) was shown as "reference." The owner of one of the companies so shown said he considered himself the shipper. Some witnesses connected with these companies testified the main difference between the service by Arrow and by other carriers was that the former was faster. Another such witness said his company used Arrow's service for shipments heavier than could be sent by parcel post and lighter than those transported by other carriers.

Sherman received as his pay a percentage of what the original shipper paid Arrow for transporting the goods to the ultimate consignees. He was to receive 55% of such amount for carrying the goods defendant's inspector found on his truck. Mr. Sherman is less experienced than Wood in the transportation business. However, before his permit was issued to him he worked for another carrier who was hauling for Arrow. Sherman was also acquainted with Wood.

The findings of defendant commission in the present case are the same as those in Wood's case, set out in that opinion. Although the evidence is perhaps somewhat less strong here, than in Wood, we cannot say defendant's findings lack substantial support. It is fairly clear there is no controlling distinction between the two records. Nor is it contended a different result should be reached in the two cases.

Plaintiff's counsel conceded upon submission of this appeal that if either plaintiff or Arrow were doing what they both do, he or it would be operating, without lawful authority, as a common or "motor carrier", not as a contract carrier. As the Wood opinion observes, it would seem strange if two entities may combine to do what either may not lawfully do.

We are not persuaded the trial court reached the wrong result and its judgment is—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.